UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA G. ANGUIANO DE MENDOZA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>　　　　　Defendant. | Case No. 1:17-cv-00061-GSA<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF MARIA G. ANGUIANO DE MENDOZA** |

**I.    INTRODUCTION**

Plaintiff, Maria G. Anguiano De Mendoza ("Plaintiff"), seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] (Docs. 15 and 16). Upon a review of the administrative record, the Court finds the ALJ's decision is supported by substantial evidence. Therefore, Plaintiff's appeal is DENIED.

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 7 and 8).

1

## II. BACKGROUND AND PRIOR PROCEEDINGS

Plaintiff previously worked as a tallier and a horticultural worker.[3] AR 31-32;59-60. She filed an application for DIB on March 27, 2013 and protectively filed an application for SSI in 2014.[4] AR 169-170. In both applications, Plaintiff alleged disability beginning September 26, 2002, due to a back and a left ankle injury. AR 169-170; 202. The parties agree that Plaintiff properly exhausted her administrative remedies and that the Appeals Council denied Plaintiff's appeal. Therefore, this appeal is a review of Administrative Law Judge Cynthia Floyd's ("ALJ") decision issued on August 28, 2015, which is considered the Commissioner's final order. *See*, 42 U.S.C. §§ 405(g), 1383(c)(3). AR 24-33.

Plaintiff now challenges that decision arguing that the ALJ failed to address Plaintiff's inability to communicate in English and that the ALJ improperly discredited her testimony. Plaintiff requests that the case be remanded for an award of benefits, or alternatively, that the case be remanded for further proceedings. (Doc. 15, 9-17). In opposition, Defendant argues the ALJ properly determined Plaintiff could perform her past relevant work as a tallier even with her English language limitations, and that the ALJ properly rejected Plaintiff's allegations of disabling pain. The Commissioner argues the ALJ's decision is supported by substantial evidence and requests that Plaintiff's appeal be denied. (Doc. 16, pgs. 5-11).

## III. THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age,

---

[3] References to the administrative record will be designated as "AR," followed by the appropriate page number.

[4] The SSI application is not contained in the administrative record. The hearing notice states that the application date was January 7, 2014, however, the ALJ's decision indicates the application date was November 19, 2014. AR 24; 122.

2

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically-determinable "severe" impairments, [5] (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform her past relevant work,[6] and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).

**IV. SUMMARY OF THE ALJ'S DECISION**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 33. Specifically, the ALJ found that Plaintiff had engaged in substantial gainful activity after her alleged disability date but it was for a three month period, and that she had no earnings in recent years. AR 26-27. Further, the ALJ identified lumbar spine degenerative disc disease, status post left L5-S1 discectomy with

---

[5] "Severe" simply means that the impairment significantly limits the claimant's physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1520(c), 416.920(c).

[6] Residual functional capacity captures what a claimant "can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545 and 416.945. "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

3

L5 and S1 radiculopathy bilaterally, and lumbosciatic systemizing and left L5-S1 foraminal stenosis with worsening radiculopathy, as severe impairments. AR 27. Nevertheless, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 27.

Based on a review of the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b), except with the following limitations: she could lift ten pounds frequently and twenty-five pounds occasionally; she could stand, walk, and sit for six hours in an eight-hour day with normal breaks; she must be allowed to stand and stretch for a few minutes every hour; she must avoid concentrated exposure to workplace hazards such as unprotected heights, fast moving unprotected machinery, and traversing uneven or slippery terrain; and she will be working off-task five percent of the work day one or two times per week. AR 27-31. At step four, relying on vocational-expert testimony, the ALJ found Plaintiff could perform her past work as a tallier. AR 19. At step five, the ALJ also found Plaintiff could perform jobs existing in significant numbers in the national economy such as a flower picker, a marker, and a garment bagger. AR 32-33.

**IV.     STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. "Where the evidence is susceptible to more than one rational interpretation, one of which supports

4

the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## V. DISCUSSION
### A. The ALJ's Evaluation of Plaintiff's Literacy Is Supported by Substantial Evidence.

Plaintiff argues that the ALJ improperly assessed her ability to communicate in English, which resulted in the ALJ improperly concluding that Plaintiff could work as a tallier. (Doc. 15, pgs. 9-11). Defendant argues that there is substantial evidence that Plaintiff was able to perform her past work as a tallier. (Doc. 16, pgs. 5-6). Upon a review of the record, the Court agrees with the Defendant.

The step four analysis is limited to determining whether the claimant can perform his or her past relevant work. 20 CFR §§ 404.1520 and 416.920. Thus, at step four of the disability analysis, the claimant has the burden to prove she cannot perform her prior relevant work "either as actually performed or as generally performed in the national economy." *Carmickle*, 533 F. 3d 1155, 1166 (9th Cir. 2005). The step four determination involves a comparison between the demands of the claimant's former work and his or her present capacity. *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986). It is Plaintiff's burden to demonstrate that she is unable to return to the previous job, and if she is unable to do so, the burden remains with her rather than shifting to the Commissioner to proceed with step five. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). Although there are circumstances where VE testimony is necessary at step five, it is not required at step four. *Id.* (explaining that when the burden remains with the claimant at step four, VE testimony is useful but not required).

Here, the ALJ made a finding that Plaintiff had marginal education and can communicate in English. AR 32. The finding that Plaintiff can communicate in English was made in error as the record indicates that Plaintiff has limited English abilities. For example, she reported in a Field Office Disability Report that she does not speak or understand English and that she cannot read or write more than her name in English. AR 201. Her preferred language is Spanish. AR 201. At the hearing, Plaintiff testified with the help of a Spanish interpreter and reported she has a fourth grade education. AR 40; 44; 203. She also stated that she is unable to speak English. AR 44. She reported that she took English classes in the past, but that the schooling "didn't work out," and

5

instead she used videotapes at home to learn English. AR 45. When asked if she had learned how to read or write any English words from the video tape, Mendoza responded "[j]ust a little bit." AR 45. Moreover, medical records repeatedly indicate that Mendoza utilized a translator at doctor's visits. AR 263; 278; 281; 312; 324; 477. Therefore, the ALJ's finding that Plaintiff could communicate in English was erroneous.

However, this error is harmless because the ALJ's finding that Plaintiff could perform her past work as a tallier is supported by substantial evidence. At the hearing, the ALJ called upon a vocational expert ("VE") to assess Plaintiff's ability to perform various jobs. The VE was present from the beginning of the hearing and heard Plaintiff's testimony including her educational level and her language ability. AR 41. The ALJ specifically confirmed that the VE had reviewed Plaintiff's vocational history, had listened to her testimony, and did not require any additional information. AR 59. After listening to all of Plaintiff's testimony, the vocational expert asked Plaintiff questions about her previous work as a tallier as she actually performed it. AR 59. Plaintiff specifically testified that while working as a tallier in the past she counted boxes of grapes, wrote the number of boxes down on a list, and gave that list to the supervisor. AR 59-60. She did not have to write a report. AR 60. The ALJ then presented hypotheticals to theVE that included Plaintiff's limitations contained in the RFC. AR 60-62. Based on this testimony, the VE found Plaintiff could perform her past work as a tallier. AR 62. Plaintiff correctly points out that the ALJ did not include Plaintiff's language limitations in the hypotheticals posed to the VE. This was an error as hypotheticals the ALJ presents to the VE are required to include all of a claimants' limitations. *Embrey v. Bowen*, 849 F. 2d 418, 422. However, this error is harmless because when testifying about Plaintiff's ability to perform other jobs, the VE acknowledged that Plaintiff's limited English skills would be the biggest restrictor. AR 61. This statement, coupled with the VE's questioning regarding Plaintiff's work as a tallier as it was actually performed, is substantial evidence that the VE considered Plaintiff's language restrictions and her specific duties when she worked as a tallier in the past, despite the ALJ's failure to include the limitations into the hypothetical. Given this record, the ALJ's errors related to Plaintiff's limited language capabilities are harmless as they did not change the disability determination. *Carmickle*, 533 F.3d at 1162 ("An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (same); *Robbins v.*

*Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (same); *Stout v. Comm'r of Social Security*, 454 F.3d 1050, 1055 (9th Cir. 2006) (same).

Plaintiff has cited *Pinto v. Massanari*, 249 F. 2d 840, 847 (9th Cir. 2001) for the premise that there is error when neither the ALJ nor the VE explains how a claimant's inability to communicate in English would impact a person's ability to perform a similar job. However, in the instant case, the VE asked Plaintiff about her job as she actually performed it. In *Pinto*, other limitations prevented the claimant's ability to perform the past work as it was previously performed, which is not the case here. The Ninth Circuit has never required explicit findings at step four regarding a claimant's past relevant work both as generally performed and as actually performed. The vocational expert merely has to find that a claimant can or cannot continue his or her past relevant work. *Pinto*, 249 F.3d at 845 citing *Villa*, 797 F.2d at 798 (1986) ("[t]he claimant has the burden of proving an inability to return to his former type of work and not just to his former job.") The record is clear that the VE made these findings and considered the Plaintiff's English language abilities in this case, therefore, Plaintiff's appeal on this issue is denied. AR 59-61.

**B. The ALJ Properly Discredited Plaintiff's Subjective Complaints**.

Plaintiff also argues that the ALJ's credibility determination was improper because the ALJ did not provide clear and convincing reasons for rejecting her testimony. (Doc. 15, pgs. 12-17). The Commissioner contends that the ALJ's credibility determination was proper and the decision is supported by substantial evidence. (Doc. 16, pgs. 7-11). A review of the record reveals the ALJ's credibility determination is proper.

A two-step analysis applies at the administrative level when considering a claimant's credibility. *Treichler v. Comm. of Soc. Sec.*, 775 F. 3d 1090, 1098 (9th Cir. 2014). First, the claimant must produce objective medical evidence of his or her impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id*. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his or her symptoms only if he or she makes specific findings and provides clear and convincing reasons for doing so. *Id*.; *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); SSR 96-7p (ALJ's decision "must be sufficiently specific to make clear to

7

the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight.").[7] Factors an ALJ may consider include: 1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. See *Thomas*, 278 F. 3d at 958-959; *Light v. Social Security Administration*, 119 F. 3d 789, 792 (9th Cir. 1997), *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c).

Because the ALJ did not find that Plaintiff was malingering, she was required to provide clear and convincing reasons for rejecting Plaintiff's testimony. *Brown-Hunter*, 806 F. 3d at 493; *Smolen v. Chater*, 80 F.3d 1273,1283-1284 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). When there is evidence of an underlying medical impairment, the ALJ may not discredit the claimant's testimony regarding the severity of his or her symptoms solely because they are unsupported by medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991); SSR 96-7. Moreover, general findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Brown-Hunter*, 806 F. 3d at 493.

Here, Plaintiff testified she was unable to work due to constant pain. AR 49. The ALJ

---

[7] Social Security Ruling 96-7p was superseded by Ruling 16-3p, effective March 28, 2016. See 2016 WL 1020935, *1 (March 16, 2016) and 2016 WL 1131509, *1 (March 24, 2016) (correcting SSR 16-3p effective date to read March 28, 2016). Although the second step has previously been termed a credibility determination, recently the Social Security Administration ("SSA") announced that it would no longer assess the "credibility" of an applicant's statements, but would instead focus on determining the "intensity and persistence of [the applicant's] symptoms." See SSR 16-3p, 2016 WL 1020935 at *1 ("We are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character."). Although Social Security Rulings "do not carry the force of law," they "are binding on all components of the [SSA]" and are entitled to deference if they are "consistent with the Social Security Act and regulations." 20 C.F.R. § 402.35(b)(1); *Bray v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1224 (9th Cir. 2009) (citations and quotation marks omitted).
As the Ninth Circuit recently acknowledged, SSR 16-3p "makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after [the ALJ] find[s] that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." *Trevizo, v. Berryhill*, 862 F. 3d 987, 995 n.5 (9th Cir. 2017) see also *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016). SSR 16-3p became effective after the issuance of the ALJ's decision and the Appeals Council denied review in the instant case. It is unclear whether SSR 16-3 applies retroactively. However, the applicability of SSR 16-3p need not be resolved here since the ALJ's evaluation of Plaintiff's subjective complaints in this case meets the guidelines set forth in both SSR16-3p and its predecessor, SSR 96-7p.

noted that Plaintiff alleged she was unable to work due to a back and left ankle injury. She also noted that Plaintiff testified that she could only walk fifteen to twenty minutes before her feet got numb and she could only lift up approximately ten pounds. AR 28; 49-50. However, the ALJ found Plaintiff was only partially credible and rejected her testimony. AR 28. In doing so, the ALJ found that the limiting effects of Plaintiff's subjective complaints were greater than expected in light of the objective evidence in the record.[8] Specifically, the ALJ noted that after Plaintiff's back surgery (a lumbar laminotomy and discectomy at L5-S1) in 2002, her treatment consisted mostly of pain medication, and no acceptable medical source recommended additional surgery. AR 28; 31. The ALJ made this conclusion after summarizing numerous MRI's and neurological tests, as well as doctors' findings regarding Plaintiff's condition. AR 29-31; 441("no muscle atrophy, normal strength in upper and lower extremities, normal sensory, and normal reflexes"); AR 30 ("most recent diagnostic tests showed varying degrees of disc protrusion, but no central spinal stenosis or mass effect on the central, or exiting verve roots, and no focal disc herniation"); 608 (physician determined that Plaintiff would not be a candidate for surgery in 2014); *See also,* AR 24; 375; 379; 410; 444; 604-605. The ALJ also noted that Plaintiff had not sought neurological treatment from November 2004 until November 2010, and while there was some tenderness and decreased range of motion in her lumber spine, other tests were otherwise normal. AR 29; 390. Moreover, neurological examinations in 2013 and 2014 showed that Plaintiff's lower back was well healed with minimal tenderness and her sensory was intact, she had normal motor examinations, and no worsening of the foraminal stenosis. Consideration of this medical evidence is a permissible basis for the ALJ to rely upon when assessing Plaintiff's credibility. AR 28-32; *See* 20 C.F.R.§§ 404.1529(c)(2), 416.929(c)(2), ("Objective medical evidence … is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms …."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects"); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (inconsistencies between the record and medical evidence supports a rejection of a claimant's credibility; no medical treatment or a conservative level of medical treatment has been

---

[8] The Court has reviewed the entire medical record in this case. AR 245-623. The most relevant information is referenced in this opinion.

found to suggest a lower level of pain and functional limitations); *Fair v. Bowen*, 885 F.2d at 597; 603-604 (9th Cir. 1989) (claiming severe conditions yet receiving minimal, conservative, or no treatment is a basis to reject claimant's testimony). Similarly, an impairment amenable to control is not disabling *Warre v. Com'r of Soc. Sec.*, 439 F. 3d 1001, 1005 (9th Cir. 2006).

In addition to the medical evidence, the ALJ properly relied on other aspects of Plaintiff's testimony to reject her allegations of pain. For example, the ALJ noted that Plaintiff's daily activities were not limited to the extent one would expect given her complaints of disabling symptoms. AR 31. Plaintiff testified that she fixes her daughter breakfast, gets her ready for school, and picks her daughter up from school. AR 31; 51. Plaintiff also reported that she showers independently, goes to church, washes the dishes, sweeps and cleans the bathrooms, and cleans the stove and dining room. AR 51-52. The ALJ also noted that Plaintiff indicated that she did not stop working until 2009 despite claiming a disability date of 2002. AR 45; 178-179; 202. These reasons are all valid factors the ALJ can assess when evaluating credibility. See, *Thomas*, 278 at 958-959; see also 20 C.F.R. §§ 404.1529(c), 416.927(c) (An ALJ can consider inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; the claimant's daily activities; and the claimant's work record when assessing credibility); *Bray*, 554 F. 3d at 1227 (9th Cir. 2009) (the ALJ made specific findings in support of his decision to discount [the Plainitff's] testimony, including that "she recently worked as a personal caregiver for two years, and has sought out other employment since then."); *See also*, *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Fair*, 885 F.2d at 603.

Given the above, the ALJ provided clear and convincing reasons that are supported by substantial evidence to conclude Plaintiff's subjective symptom testimony was not credible. Here, the ALJ clearly identified what testimony she found not credible and what evidence undermined Plaintiff's complaints. *Brown-Hunter*, 806 F. 3d at 493; *Lester*, 81 F.3d at 834. Although the Plaintiff has offered other interpretations of the evidence regarding her testimony, it is not the role of the Court to re-determine Plaintiff's credibility *de novo*. If the ALJ's finding is supported by substantial evidence, the Court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959. Accordingly, the ALJ's credibility determination was proper.

### VII. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision that Plaintiff is not

disabled is supported by substantial evidence in the record as a whole, and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgement against Plaintiff, Maria G. Anguiano De Mendoza, and in favor of Nancy A. Berryhill, the Commissioner of Social Security. The Clerk of the Court shall also close this action.

IT IS SO ORDERED.

Dated: **June 11, 2018**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE